Gerald Jesse GILE, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15838.

Court of Criminal Appeals of Oklahoma.
July 29, 1970.

Don Anderson, Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., for defendant in error.

BUSSEY, Judge:

Gerald Jesse Gile, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County with the crime of Forgery Second Degree After Former Conviction of a Felony, his punishment was fixed at ten years in the state penitentiary, and he appeals.

Briefly stated, the facts adduced on the trial reveal that Steve Mayes testified that he was 15 years old and in July of 1969 was employed at Joe Gibbles Service Station in Edmond. He knew defendant because the defendant had worked at the same place. On July 1, 1969, defendant drove to the station about noon and asked Mayes if he would cash a check. Mayes replied that he would and defendant said he would get someone to make out a check and would return. Defendant left and returned in about thirty minutes with a check which Mayes identified as State's Exhibit 1. Defendant gave the check to Mayes, who brought defendant $20.00. Defendant told Mayes he could keep $5.00 of it, so Mayes gave defendant $15.00 and put the $5.00 and the check in the cash drawer. The check was dated July 1, 1969, and signed B. J. Dupree. Mayes next saw the check when the station owner, Joe Rieker, brought it back from the bank about two days later. When defendant gave Mayes the check the payee space was blank. Mayes was aware that he had done a wrong in taking the check and giving defendant the money.

Joe Rieker testified that he operated the service station and that Mayes was his employee on July 1, 1969, and authorized to accept checks for merchandise. Rieker placed a deposit endorsement on State's Exhibit 1. The check was not paid by the bank and he turned it over to Officer Ruddell of the Edmond police Department.

Louis Mades testified that he was Vice President of the Citizen's National Bank of Edmond and Joe Rieker was one of their customers. State's Exhibit 1, drawn on that bank, was noted "No account" because the maker, B. J. Dupree, had no account at the bank.

Lloyd Ruddell of the Edmond Police Department testified that he investigated the matter of possible forgery of State's Exhibit 1 obtained from Mr. Rieker, talked to Steve Mayes, and arrested defendant about July 9, 1969. After warning defendant of the rights against self incrimina-

tion, he asked defendant if he knew about State's Exhibit 1 and defendant stated that he did, that he had obtained the name B. J. Dupree from the funny papers and used it on the check because he needed the money. Defendant told Ruddell he had given Mayes $5.00 of the money. Defendant was confronted with State's Exhibit 1 during the interrogation.

Defendant did not testify, nor offer evidence in his behalf in the first phase of the trial. The former conviction was shown to be Unauthorized Use of a Vehicle.

Since the defendant's first and third contentions deal with the sufficiency of the evidence and the necessity for corroboration of the accomplice, they will be dealt with under a single proposition. From the foregoing recital of facts it is readily apparent that the verdict of the jury is not grounded merely upon the uncorroborated testimony of an accomplice, but rather the corpus delicti was established by the testimony of the station owner and the bank official.

The corroborative evidence necessary to support the accomplice's testimony was supplied by Officer Ruddell, who received defendant's confession after having thoroughly advised the defendant of his rights in accordance with Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. In Ward v. State, 92 Okl.Cr. 143, 222 P.2d 173, in the fourth paragraph of the Syllabus, we stated:

"Where the actual commission by someone of the offense charged is established by independent evidence, then a conviction based upon the defendant's voluntary confession is warranted."

We are of the opinion, in the light of the record before us, that the evidence amply supports the verdict of the jury and that the testimony of the accomplice was sufficiently corroborated.

As his second proposition the defendant urges that the punishment imposed was excessive. In this connection we need only observe that the punishment imposed was well within the range provided by law and the record is free of any error which would justify modification or reversal.

Having determined that the evidence amply supports the verdict of the jury; that the punishment imposed was well within the range provided by law; and that the record is free of any error which would justify modification or reversal, we are of the opinion that the judgment and sentence appealed from should be, and the same is hereby, affirmed.

BRETT, P. J., and NIX, J., concur.